## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **RENEE TATE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.**  3:25-cv-526-DJH |
| | ) | |
| **UofL HEALTH – LOUSIVILLE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    NATURE OF THE CASE

1.      Plaintiff, Renee Tate ("Plaintiff"), by Counsel, brings this action against Defendant, UofL Health - Louisville Inc., ("Defendant") for violating the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.,* the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq*., and the Kentucky Civil Rights Act ("KCRA")

### II.    PARTIES

2.      Plaintiff, who was employed remotely by Defendant, is a resident of Columbia County, Georgia, and at all relevant times to this action resided within the geographical boundaries of the Southern District of Georgia.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Western District of Kentucky.

### III.    JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 42 U.S.C. § 12117; and 29 U.S.C. §2617(a)(2);

5.      At all times relevant to this action, Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and an "eligible employee" as defined by 29 U.S.C. §2611(2).

6.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

7.      Plaintiff is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2); 12111(8) and/or Defendant knew of Plaintiff's disability and/or Defendant regarded Plaintiff as being disabled.

8.      Plaintiff exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, claiming disability discrimination. Plaintiff has filed this Complaint within ninety (90) days of receipt of her Notice of Suit Rights.

9.      A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV.    FACTUAL ALLEGATIONS

10.     Tate was hired by Defendant on or about April 15, 2023, as a remote AR Medicare Specialist. At all times relevant, Tate met or exceeded Defendant's legitimate performance expectations and had positive performance reviews.

11.     Tate suffers from sleep apnea, gastrointestinal issues, anxiety, depression and PTSD, affecting her major life activities of sleeping and caring for herself. As such, Tate is disabled as defined by the ADA.

12.     Defendant became aware of Tate's disability on or about October 30, 2024, when Tate requested and was approved for FMLA leave until November 11, 2024. On or about November 7, 2024, Tate requested and was approved for intermittent FMLA related to her condition. Tate received one day of leave per week for flare ups.

13.     On or about December 20, 2024, Tate emailed AR Manager, Rebecca Hoben ("Hoben") and Human Resources representative, Kameron Goodwin with a note from her medical provider ordering Tate's medical leave from December 23, 2024, to January 3, 2025, or until Tate had a follow-up appointment to clear her for her return. On or about December 21, 2024, Tate was provided with certification forms to be completed by her provider. Tate forwarded the certification forms to her provider for completion that same day.

14.     Tate was given a deadline of January 7, 2025, for her medical provider to submit the necessary certification paperwork. Tate communicated this deadline to her provider. However, on or about January 8, 2025, Kimberly Whitt ("Whitt"), Human Resources Manager, informed Tate that her leave was not approved because Tate's provider had failed to return the certification forms. Learning of her provider's failure to submit the certification forms, Tate immediately contacted her medical provider, who submitted the forms within a few hours.

15.     Nevertheless, later that day, Whitt emailed Tate informing her that her employment was terminated due to the denial of her FMLA leave request, and that her absences from December 20, 2024 through January 8, 2025 were considered "no call, no show" even though Tate submitted a letter from her provider prior to her two-week leave of absence that stated she would be out.

16.    To date, Tate's position has not been restored by Defendant.

## V.    CAUSES OF ACTION

### COUNT I: ADA & KCRA - DISABILITY DISCRIMINATION

17.    Tate hereby incorporates paragraphs one (1) through sixteen (16) of her Complaint.

18.    Tate was discriminated against based on her disability when she was subject to less favorable terms and conditions in her employment.

19.    Defendant discriminated against Tate on the basis of her disability by subjecting her to disparate treatment and not allowing her to return to work.

20.    Defendant discriminated against Tate on the basis of her disability by terminating her employment.

21.    Defendant's actions were intentional, willful, and in reckless disregard of Tate's rights as protected by the ADA and the KCRA.

22.    Tate has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: FMLA – INTERFERENCE

23.    Tate hereby incorporates paragraphs (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24.    Defendant unlawfully interfered with the exercise of Tate's rights under the FMLA.

25.    Defendant's actions were intentional, willful, and in reckless disregard of Tate's rights as protected by the FMLA.

26.    Tate has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: RETALIATION IN VIOLATION OF FMLA

27.    Tate hereby incorporates paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28.     Tate engaged in a protected activity by requesting to take protected medical leave under the FMLA.

29.     Defendant retaliated against Tate for engaging in protected activities by terminating her employment.

30.     Defendant's actions were willful, intentional and done with reckless disregard for Murphy's rights as protected by the FMLA.

31.     Tate has suffered damages as a result of Defendant's unlawful actions.

## VI.     <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Renee Tate, respectfully requests that the Court enter judgment in her favor and award him the following relief:

1.     Reinstatement to her original position and salary she would have enjoyed but for Defendants' unlawful actions, or front pay in lieu thereof;

2.     Award Plaintiff back pay she would have earned, including benefits and interest, but for Defendants' unlawful actions;

3.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

4.     Compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5.     Compensatory damages for violations of the ADA and KCRA;

6.     Punitive damages for violations of ADA;

7.     Liquidated damages for violations of the FMLA;

8.     All costs and attorney's fees incurred as a result of bringing this action;

9.     Pre- and post-judgment interest on all sums recoverable; and

10.     All other legal and/or equitable relief this Court sees fit to grant.


Respectfully submitted,

/s/ *Elizabeth Gatten*
Elizabeth Gatten
BIESECKER DUTKANYCH & MACER, LLC
101 N Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Email: egatten@bdlegal.com

*Attorney for Plaintiff, Renee Tate*


## **DEMAND FOR JURY TRIAL**

Plaintiff, Renee Tate, by counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,

/s/ *Elizabeth Gatten*
Elizabeth Gatten
BIESECKER DUTKANYCH & MACER, LLC
101 N Seventh Street
Louisville, KY 40202
Telephone: (502) 561-3484
Email: egatten@bdlegal.com

*Attorney for Plaintiff, Renee Tate*